RACHEL C. HERNANDEZ
Acting United States Attorney
District of Arizona
LOUIS UHL
Assistant U.S. Attorney
Arizona State Bar No. 021621
7102 East 30th Street, Suite 101
Yuma, Arizona 85364
Telephone: (928) 314-6403
louis.uhl@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | CR-24-01971-001-DWL |
|---|---|
| Plaintiff, | |
| v. | **SENTENCING MEMORANDUM** |
| Marco Antonio Espiricueta-Jimenez, | |
| Defendant. | |

**I.      PROCEDURAL HISTORY.**

On January 3, 2025, in Yuma, Arizona, the defendant pleaded guilty to an Information charging the offense of illegal reentry of removed alien in violation of Title 8 Section 1326(a)[1] after he was encountered by Border Patrol agents in Yuma County, Arizona, within the District of Arizona, on October 18, 2024. The defendant's draft pretrial sentencing report (PSR) was filed on February 10, 2025.

The defendant elected to plead guilty to the Information without accepting the standard plea agreement offered to him. His final, adjusted guideline range is between zero to six months imprisonment. The PSR recommends a sentence of time served imprisonment. Due to the defendant's criminal history, the United States recommends the high-end of six months imprisonment.

---

[1] Although the defendant is subject to a 1326(a) enhanced by (b)(1), his qualifying conviction is stale for criminal history points and thus for enhancing his offense level under *United States v. Almendarez-Torres*, 523 U.S. 224 (1998).

## II. IMMIGRATION AND CRIMINAL HISTORIES.

Since 2005, an illegal alien from Mexico, the defendant has been convicted of over a half-dozen offenses in the United States. Until the present the illegal reentry felony conviction, all of his convictions have been for, in some way or other, a menace to motorists. His first conviction is for driving without a license, in 2005. His second, in 2006, was for failure to report an accident involving injury. His third conviction came that same year for a DUI in which his BAC registered .18 percent. In 2008, he was convicted for public intoxication. In 2009, he was convicted for both a felony and a misdemeanor arising from the same course of conduct. Police responding to an accident scene encountered the defendant inebriated and he admitted to causing the accident. His BAC registered at .148 percent.

In 2011, the defendant was convicted of three offenses relating to the same incident: DUI (felony), Leaving the Scene of an Accident (misdemeanor) and Driving without a License (misdemeanor). On that occasion, he was driving drunk without a license and caused a hit and run. His BAC registered at .17 percent. He was sentenced to five years imprisonment for the felony, with 4.5 years suspended). In 2024, he was convicted of unauthorized use of a motor vehicle. He was also arrested for Failure to Comply with Compulsory Insurance Law in 2005 and Motor Vehicle Theft in 2023, although both charges were ultimately dismissed. He has been removed to Mexico on three occasions.

## III. SENTENCING RECOMMENDATION.

The high-end of six months imprisonment is vital. Of the Title 18 Section 3553(a) sentencing factors, paramount is the extreme danger that the defendant poses. For the past 20 years he has been literally terrorizing motorists, pedestrians and anyone unlucky enough to be in his way, by being a habitual drunk driver and driving without a license or insurance. The danger that he poses is incalculable and exponentially magnified by the fact that he simply refuses to stay removed from the United States. Unfortunately, the felony conviction that renders him a (b)(1) no longer counts for either points or offense level

enhancement, so six months is the maximum sentence allowed. Normally, time served would be recommended in such a situation, but the defendant's history of driving drunk, without a license or insurance, and fleeing from the scene all call for the high-end. The defendant admits that wants to "fight" his immigration case, displaying his reluctance to accept that he is inadmissible and removable. Although immigration law can be a byzantine knot, the defendant's chance of qualifying for relief given his motorway exploits and his several removals is next to nil. With a family in the United States and given his past history of unlawful residence in the U.S., the defendant is an extreme risk of reoffend.

All told, the high-end sentence of six months imprisonment, followed by a three year term of supervised release, is just and not greater than necessary to protect the public and deter the defendant. A lesser sentence would fail to accomplish the sentencing objectives of Title 18 United States Code Section 3553(a).

Respectfully submitted this 17th of February, 2025.

RACHEL. C. HERNANDEZ
Acting United States Attorney
District of Arizona

*S/ Louis Uhl*
LOUIS UHL
Assistant U.S. Attorney

### CERTIFICATE OF SERVICE

I hereby certify that on February 17, 2025, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant:

Jared Eggers, AFPD
By:    *S/Louis Uhl*